JONES, Justice.
This appeal raises the issue whether, pursuant to Ala. Acts 1961, No. 974, the Probate Court of Mobile County has jurisdiction to try a will contest case after the probate of the will in probate court. Finding that it does, we reverse and remand.
Appellant Walter Coleman is the husband of Irma Barbara Garriga Coleman, deceased. Appellee Barbara Weinacker Richardson is the daughter of the deceased. A will of Irma Coleman, dated August 6,1969, was admitted to probate in the Probate Court of Mobile County, Alabama, on December 9, 1980. By its terms, Irma Coleman left her property to her three children, Barbara Weinacker Richardson, Henry Ku-per Weinacker, Jr., and Richard Ignatius Weinacker.
Prior to probate of the 1969 will, Walter Coleman, on May 21, 1980, filed a petition with the Probate Court of Mobile, alleging, inter alia that Irma Coleman had executed a will subsequent to the 1969 will and that Barbara Weinacker Richardson had it in her possession. Coleman’s petition asked that Barbara Weinacker Richardson be directed to produce the alleged subsequent will. In response to an order of the court, Barbara Weinacker Richardson produced the 1969 will, which was subsequently admitted to probate without a contest on December 9, 1980.
On May 18, 1981, approximately five months after the 1969 will was probated, Walter Coleman petitioned the Mobile Probate Court to probate the alleged second will of Irma Coleman, as a lost will, supposedly executed on October 23, 1973, and by the terms of which she left all her property to Walter Coleman. The petition was not accompanied by a written copy of the lost will.
Barbara Weinacker Richardson, a beneficiary under the 1969 will, probated on December 9, 1980, filed an objection attacking the jurisdiction of the probate court to probate the alleged second will. The crux of Richardson’s argument was that, by attempting to probate the second will, Coleman was “contesting” the first will; and, therefore, a complaint should have been filed in the Circuit Court of Mobile County within six months after the date the 1969 will was probated, pursuant to Code 1975, § 43-1-79.
On September 23, 1981, the Probate Court of Mobile County denied Coleman’s petition to probate the second will for the following reasons:
1. That the petition to probate the lost will executed on October 23, 1973, was a will contest.
2. That, pursuant to Code 1975, § 43-1-79, a will that is contested subsequent to probate of an earlier will may be filed within six months in the circuit court of the county in which such earlier will was probated.
3. That the Mobile Circuit Court and not the probate court was the court of proper jurisdiction; and, therefore, Coleman’s petition was due to be dismissed.
On November 3, 1981, Coleman appealed the probate court’s ruling to the Mobile Circuit Court. On March 19, 1982, the circuit court dismissed the appeal. Coleman appeals.
CONCURRENT JURISDICTION OF THE PROBATE AND CIRCUIT COURTS
Act No. 974, Ala. Acts 1961, reads as follows:
“BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
*115 “Section 1. That the Probate Courts in all counties of this State which now have or may hereafter have a population of over 300,000 and less than 500,000, according to the last or any subsequent Federal census, shall have general equity jurisdiction concurrent with that of the Circuit Courts, in equity, of this State, in the administration of the estates of deceased persons, minors and insane persons, including testamentary trust estates.
“Section 2. That the Judges of such Probate Courts shall have the same powers and authority which Judges and Registers of the Circuit Courts of this State now have in connection with the administration of such estates in the Circuit Courts, in equity.
“Section 3. That all laws of pleading and practice, and evidence, and rules of court, and all laws relating to testamentary trusts and testamentary rules of court, and all laws relating to testamentary trusts and testamentary trustees, and all laws relating to the mode of obtaining evidence by oral examination or by depositions, and of compelling the attendance of witnesses, and of enforcing orders, decrees and judgments now applicable in the Circuit Courts, in equity, shall apply to the administration of such estates in said Probate Courts, in so far as the same can be made appropriate.
“Section 4. That in the administration of said estates, such Probate Courts may proceed according to the rules and practice of the Circuit Courts, in equity, of this state, without regard to the statutory requirements provided for the administration of such estates in the Probate Courts of this State, but nothing herein is intended to prohibit such Probate Courts from proceeding in accordance with the statutes relating to the administration of such estates in the Probate Courts of this State generally.
“Section 5. Appeals may be taken from the orders, judgments and decrees of such Probate Courts, relating to the administration of such estates, including decrees on partial settlements and rulings on demurrer, to the Supreme Court within thirty days from the rendition thereof, or within thirty days from the decision of such Courts on a motion for new trial, in the manner and form as is now provided for appeals from the Probate Courts to the Supreme Court.
“Section 6. The Probate Judges of such Courts shall perform all the duties now required by law of the Judges and Registers of the Circuit Courts of this State, in reference to the administration of such estates and shall be entitled to assess and collect the same costs of court, charges, fees and commissions as are now authorized by law to be assessed and collected by Registers of the Circuit Courts for the performance of similar duties.
“Section 7. The jurisdiction conferred by this Act on the Probate Courts and Probate Judges of such counties is intended to be cumulative only, and it is not intended hereby to in any manner limit or restrict the present jurisdiction of the Circuit Courts or the Probate Courts of such counties. Nothing herein shall be construed as prohibiting the removal of any such estates from the Probate Court in such counties to the Circuit Court in equity, as is now provided by law.
“Section 8. It is the primary intention of this Act to expedite and facilitate the administration of such estates in counties of over 300,000 and less than 500,000 population and should any part of this Act be declared unconstitutional it is not intended that it shall affect the remainder of the Act.
“Section 9. The Probate Judges of such courts shall collect from the person or persons liable by law for the payment thereof, all costs of court, charges, fees and commissions chargeable for the services so performed under this Act and pay the same into the treasury of his county.
“Section 10. That all laws, general, local or special in conflict with the provisions of this Act are hereby repealed.
“Section 11. This Act shall take effect August 1, 1961.”
*116 The Probate Court of Mobile County qualifies under Act No. 974 in that the county of Mobile meets the population requirements set forth in Section 1 of the Act.
Ala.Code 1975, § 43-1-79, states the following:
“Any person interested in any will who has not contested the same under the provisions of this article, may, at any time within the six months after the admission of such will to probate in this state, contest the validity of the same by filing a complaint in the circuit court in the county in which such will was probated. (Code 1852, § 1654; Code 1867, § 1972; Code 1876, § 2336; Code 1886, § 2000; Code 1896, § 4298; Code 1907, § 6207; Code 1923, § 10637; Acts 1931, No. 733, p. 844; Code 1940, T. 61, § 64).”
Appellant contends that because Act No. 974 confers general equity jurisdiction on certain probate courts concurrent with that of the circuit courts, in equity, dealing with the administration of estates, and further confers the same powers and authority on probate judges of certain counties as exercised and held by circuit judges of those same counties, sitting in equity and dealing with the administration of estates, his petition to so probate the alleged October 23, 1973, will of Irma Barbara Garriga Coleman does not, as suggested by Appellee, contravene the mandate of Code 1975, § 43-1-79. We agree.
While the plain and clear language of Code 1975, § 43-1-79, speaks only to the “circuit” court’s jurisdiction in will contests, to say that such nomenclature deprives those probate courts in the appropriately populated counties via Act No. 974 from any post-probate jurisdiction would, in our view, read Act No. 974 right out of existence. We are sensitive to Appellee’s admonition against “judicial legislation,” but we are constrained to give Act No. 974, enacted subsequent to § 43-1-79, its clear meaning and to effect its obvious purpose.
It is important to note that such concurrent jurisdiction, as heretofore delineated, exists only in those counties with the population set forth in Section 1 of the Act. As Mobile County is encompassed within such population guidelines, Coleman’s filing of his “will contest” petition in the probate court, as opposed to the circuit court, was entirely proper.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.