This is an appeal from, and an alternative petition for mandamus regarding, orders dismissing a complaint and striking an amended complaint. Margaret K. Gilmore filed a contest to the will of her late husband Ollie D. Gilmore in the Probate Court of Escambia County and had it transferred to circuit court. The circuit court granted the proponents' motion to dismiss for lack of subject matter jurisdiction, ruling that the contestant had not complied with the statutes granting the circuit court jurisdiction over will contests.
Ollie D. Gilmore died on March 27, 1981. On April 10, 1981, Fred Gilmore and Bessie Gilmore English petitioned for the probate of his purported will, which named them as executors. The will left to Gilmore's widow Margaret a life estate in their residence and the contents thereof, with the residue and remainder going to his brothers Fred and Harvey Gilmore and his sister Bessie Gilmore English (the proponents). The probate court admitted this will to probate on May 6, 1981.
On October 16, 1981, Margaret Gilmore filed a contest of the will in the probate court, along with a demand that the contest be transferred to circuit court. The probate court entered an order on the same date transferring the contest to circuit court. The circuit court case action summary shows the probate file transferred to circuit court on October 20, 1981. Each proponent received a summons, but the record does not include a complaint filed in the circuit court, so it appears that the summons was accompanied by the contest filed in probate court. The proponents filed an answer on November 12, 1981.
The parties filed various motions and pursued discovery. On June 4, 1982, the proponents filed a motion to dismiss the complaint on the following grounds:
 "That this Court has no jurisdiction over this matter since contest of the Will of Ollie D. Gilmore was not instituted under Section 43-1-70 or under Section 43-1-79, Code of Alabama (1975). Section 43-1-70 authorizes a contest prior to Probate of the Will of a decedent. Section 43-1-79 authorizes a contest by filing a complaint in the Circuit Court within six months after the admission of the Will to Probate. Neither action was taken in this case."
The circuit court granted this motion on July 19, 1981, dismissing the complaint.
Margaret Gilmore filed an amendment on July 29, 1981, purporting to contest the will under § 43-1-79, Code 1975. The proponents filed a motion to strike this amendment *Page 28 
on August 9, stating, inter alia, that "[t]he Amendment by Contestant is immaterial in that there is no Complaint validly in existence, and neither the Probate Court nor the Circuit Court of Escambia County, Alabama, has jurisdiction over any such Complaint." The circuit court granted this motion on August 23, 1981. Margaret Gilmore filed notice of appeal to this Court on August 25. After the cause was submitted, Mrs. Gilmore died, and Sam M. Kelley, the administrator of her estate, was substituted as appellant.
Before submission of the appeal, Mrs. Gilmore filed an alternative petition for mandamus "so that there will be no question as to the appropriate vehicle for review" of the orders dismissing the complaint and striking the amendment. Because the order striking the amendment effectively ended the action, it was a final order and appeal is the proper method of review.
Code 1975, § 43-1-70 (now § 43-8-190), authorizes a contest in the court in which the will is offered for probate before the will is admitted to probate. Clearly Mrs. Gilmore did not file her contest within the terms of this section. Code 1975, §43-1-79 (now § 43-8-199), provides:
 "Any person interested in any will who has not contested the same under the provisions of this article, may, at any time within the six months after the admission of such will to probate in this state, contest the validity of the same by filing a complaint in the circuit court in the county in which such will was probated."
Mr. Kelley claims that Mrs. Gilmore filed her contest within the terms of this section. He says that the circuit clerk docketed the contest, assigned a case number, issued summonses, and otherwise treated the case as properly filed. Mrs. Gilmore filed an affidavit by the clerk stating that "[t]he attached claim was filed in my office along with other papers on October 20, 1981." One of her attorneys filed an affidavit stating that he personally delivered and filed the contest in the circuit court.
The proponents point out, however, that the pleading which Mrs. Gilmore regarded as a circuit court complaint bears the heading, "IN THE PROBATE COURT", and was in fact first filed in the probate court. For all that appears from the record, it only reached the circuit court as part of the transfer of the probate file.
"A circuit court's jurisdiction over a will contest is statutory and limited." Forrester v. Putman, 409 So.2d 773, 775
(Ala. 1982). See also Ex parte Stephens, 259 Ala. 361,66 So.2d 901 (1953); Knox v. Paull, 95 Ala. 505, 11 So. 156 (1892). We find that Mrs. Gilmore did not properly file a contest in the circuit court so as to invoke jurisdiction under § 43-1-79. The circuit clerk's treatment of the case could have resulted from an assumption that the contest was properly transferred from probate court and so cannot serve to contradict the face of the pleadings which show that the action was filed in probate court.
Mr. Kelley argues that the proponents are estopped from raising any lack of jurisdiction because they filed an answer and proceeded with discovery and other matters. This argument is answered by the fact that Rule 12 (h)(3), A.R.Civ.P., requires the court to dismiss the action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." (Emphasis added.) SeeForrester v. Putman, supra. The circuit court properly granted the proponents' motion to dismiss.
Similarly, the circuit court acted correctly in granting the motion to strike the amendment to the complaint. Because there was no complaint filed in the circuit court, there was nothing to amend. The purported amendment came long after the expiration of the period when a complaint could have been filed in the circuit court and so cannot attach jurisdiction where none previously existed.
The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur. *Page 29