PER CURIAM.
On April 13, 1994, Willie Belle Noe filed a petition for the probate of Hester Bridges’s last will and testament and a petition for letters testamentary in the Jefferson County Probate Court, Bessemer Division. Noe alleged that Hester Bridges died on March 24, 1994; that at the time of her death, Bridges was a widow without issue; and that Bridges died seized and possessed of real estate and personal property worth $550,000.
On June 27, 1994, the Probate Judge entered an order admitting the last will and testament of Bridges to probate.
On June 28, 1994, Herman W. Noe [1], Samuel G. Noe, Willie Faye George, Chester E. Noe, Willard Noe, Hubbert H. Noe, Glenn C. Noe, Mary Alice Ford, Earlie C. Noe, Hattie Price, Dorothy Noe Cleveland, and R.W. Noe (collectively referred to as the plaintiffs) filed a complaint in the probate court against Noe, as executrix of the Estate of Bridges, Robert G. McWhorter, Robert S. McWhorter, Doris Jean Murphy, and Nicholas Ulmer (collectively referred to as the defendants), contesting Bridges’s will.
On July 8, 1994, the plaintiffs’ attorney filed a copy of their “probate court” complaint contesting Bridges’s will in the Jeffer *1058 son County Circuit Court for service upon the defendants. The record reveals that the word “Probate” in the style of the complaint was crossed out and the word “Circuit” was written in by hand.
The complaint alleged that at the time Bridges executed her will, she was not of sound mind and was not competent under the laws of Alabama to make a will distributing her properties. The plaintiffs further alleged that Bridges’s husband had had Bridges’s will prepared for her; that Bridges’s will had been prepared so that the majority of Bridges’s properties were bequeathed to Bridges’s husband’s sisters; and that at the time she executed the will, Bridges was of a diminished mental capacity and was subject to undue influence by her husband.
On July 13,1994, the circuit clerk received the file regarding the Bridges’s estate from the probate court. On July 19, 1994, the defendants were served with the summons and complaint, by certified mail.
On August 10, 1994, the defendants answered the complaint, and subsequently the parties filed other various pleadings.
On January 26,1995, the defendants filed a motion to dismiss and, for the first time, alleged that the circuit court lacked subject matter jurisdiction. They contended that pursuant to § 43-8-199, Ala.Code 1975, a will contest in the circuit court was only authorized by the filing of a complaint in the circuit court within six months after the will’s admission, to probate. The defendants alleged that the only complaint filed in the circuit court was a copy of the complaint previously filed in the probate court, and that, therefore, the plaintiffs had not filed a complaint in the circuit court within six months of Bridges’s will being admitted to probate on June 27, 1994. The defendants further alleged that the case was factually similar to Kelley v. English, 439 So.2d 26 (Ala.1983), and that the ease should be dismissed on the authority of Kelley. Following a hearing, the trial court found that the case was subject to the law of Kelley, supra, and granted the defendants’ motion to dismiss.
The plaintiffs appeal, raising one issue: whether the trial court erred in granting the defendants’ motion to dismiss on the authority of Kelley, supra. This case is before this court pursuant to § 12-2-7, Ala.Code 1975.
The facts in this case are undisputed and the issue decided by the trial court was a question of law, i.e., whether the copy of the “probate court” complaint filed in the circuit court on July 8, 1994, before the transfer of the probate case to the circuit court on July 13, 1994, complied with § 43-8-199 so as to invoke the jurisdiction of the circuit court.
We disagree with the defendants’ argument that since the only complaint filed in the circuit court was a copy of the complaint previously filed in the probate court, the plaintiffs had not filed a complaint pursuant to § 43-8-199. Such an argument defies common sense and leads to unnecessarily punitive results[2] for will contestants, i.e., the plaintiffs in this case. The statute does not require that a new or different complaint from the one filed in the probate court be filed in the circuit court so as to invoke jurisdiction pursuant to § 43-8-199. The record reflects that the circuit clerk treated the filing on July 8, 1994, as an initial filing and not as a transfer from the probate court. We find that the plaintiffs July 8,1994, filing complied with § 43-8-199 and that the trial court incorrectly applied Kelley, supra, in holding that it lacked subject matter jurisdiction over the will contest. See Bullen v. Brown, 535 So.2d 76 (Ala.1988).
The judgment of the trial court is reversed, and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
All the Judges concur.

. In the proceedings below this case was styled Herman W. Noe, et al. v. Willie Belle Noe, et al.,; however, we note that Herman W. Noe, deceased, was stricken as a named plaintiff and that Louie Noe and Emma Jane Webb, the children of Herman W. Noe, were substituted as plaintiffs.

. We note that the defendants treated the July 8, 1994, filing as being valid until over six months had expired from the time of the will being admitted to probate.