Anna Belle Newman, as administrator of the estate of Joseph E. Kennedy, deceased, appeals from a summary judgment entered by the Mobile Circuit Court in favor of Helen Kennedy Savas.
 Facts
In October 1990, attorney Chris Peters prepared a will for Joseph E. Kennedy and witnessed Kennedy's execution of the will. Subsequently, the original will was lost or misplaced, and upon Kennedy's death on April 16, 2001, the original will remained lost.
In July 2001, Anna Belle Newman, the general administrator for Mobile County, filed a petition in the Probate Court for Mobile County to probate a copy of Kennedy's lost will. In November 2001, Helen Kennedy Savas, Kennedy's daughter and his only natural heir, filed a will contest, alleging that the will presented for probate was invalid and that it did not reflect the true intentions of Kennedy. On December 21, 2001, the probate judge admitted the lost will to probate.
On January 23, 2002, Savas filed a motion for a new trial, or, in the alternative, for a judgment as a matter of law in the probate court. Subsequently, the probate court granted Savas's motion for a new trial, and, upon notice that the probate court had granted the motion, Savas filed, on February 14, 2002, an amended complaint contesting the will and a motion to transfer the will contest to the Mobile Circuit Court. In response, Newman filed an objection to the motion to transfer, alleging that removal to the circuit court was untimely because it was made posttrial.
On April 19, 2002, the probate court issued an order denying Newman's motion to alter, amend, or vacate the order of the probate court granting the new trial. The April 19 order also granted Savas's motion to transfer the will contest to the circuit court. In the circuit court, Newman filed a motion to dismiss for lack of subject-matter jurisdiction and asked that the contest be remanded to the probate court. Savas then filed a response to the motion to dismiss; the trial court summarily denied the motion; and the parties then each filed a motion for a summary judgment. After a hearing on the competing summary-judgment motions, the circuit court, in March 2003, entered an order granting Savas's summary-judgment motion and denying Newman's summary-judgment motion. Newman appealed.
On appeal, Newman argues that the circuit court erred in refusing to dismiss the will contest for lack of subject-matter jurisdiction and then erred in granting Savas's summary-judgment motion. Because we conclude that the circuit court did not have subject-matter jurisdiction, we pertermit any discussion of whether the summary judgment was proper.
 Standard of Review
A ruling on a motion to dismiss is reviewed without a presumption of correctness. *Page 1149 Nance v. Matthews, 622 So.2d 297, 299 (Ala. 1993). This Court must accept the allegations of the complaint as true. Creola Land Dev., Inc. v.Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala. 2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So.2d at 299.
 Issue and Analysis
Newman contends that the circuit court erred in refusing to dismiss this case because, she says, the circuit court did not have subject-matter jurisdiction over the will contest.
Section 43-8-198, Ala. Code 1975, as amended, gives a circuit court authority to hear will contests, stating, "Upon the demand of any party to the contest, made in writing at the time of the filing of the initial pleading, the probate court, or the judge thereof, must enter an order transferring the contest to the circuit court of the county in which the contest is made . . . ." A will contestant's "initial pleading" is "the filing of the contest itself in the probate court." Marshall v.Vreeland, 571 So.2d 1037, 1038 (Ala. 1990).
Moreover, "[b]ecause will contest jurisdiction is statutorily conferred, the procedural requirements of the applicable statute must be complied with exactly." Kaller v. Rigdon, 480 So.2d 536, 538 (Ala. 1985). In Kaller, this Court stated:
 "[B]ecause the proponent did not file a pleading at the same time he filed the motion to transfer, he did not comply with the procedures mandated by the statute. Since the statute was not exactly complied with, the circuit court lacked jurisdiction to try the contest."
480 So.2d at 538 (although Kaller involved the proponent of a will, rather than a contestant, the language of the statute applies similarly to both). Therefore, if a party does not follow the statutory requirements "exactly," the opportunity to remove the case is lost.
In this case, Savas did not file a petition for removal when she filed her initial pleading — the notice of the will contest. Therefore, Newman asserts, the procedural requirements of § 43-8-198 were not complied with and the circuit court did not have subject-matter jurisdiction over the will contest. However, Savas contends that because her motion for a new trial was granted after the probate court had admitted the will to probate, the granting of the motion for a new trial renewed the opportunity to remove the will contest to the circuit court. Thus, this Court must determine whether the granting of a motion for a new trial in the probate court revives the opportunity to remove a will contest to the circuit court.
First, interpreting the plain language of the statute, we conclude that Savas was required to demand the transfer of the will contest when she filed her initial pleading. Because Savas did not file a petition for removal with the initial notice of the will contest, she did not follow the procedural requirements of § 43-8-198 "exactly." Clearly, because the procedure was not explicitly followed, a petition for removal filed later in the action would have been untimely.
Savas, however, argues that the probate court's granting of a new trial and her subsequent filing of an amended complaint contesting the will permitted her to request the removal of the will contest to the circuit court at that time. We reject this argument because the language of the statute is clear. The statute specifically states that the request for removal must be "made in writing at the time of filing the initialpleading." In this case the initial pleading was the notice of the will contest filed in the probate court; therefore, any subsequent filing, even one filed *Page 1150 
after a new trial is granted, does not satisfy the requirements of the statute. See Kelley v. English, 439 So.2d 26, 28 (Ala. 1983) (citingForrester v. Putman, 409 So.2d 773, 775 (Ala. 1982))("[a] circuit court's jurisdiction over a will contest is statutory and limited"). Because Savas did not file a petition for removal when she filed the notice of the will contest, she was precluded from later being able to remove the case to the circuit court.
In support of her contention, Savas cites Wal-Mart Stores, Inc. v.Goodman, 789 So.2d 166 (Ala. 2000). Goodman involved a malicious-prosecution action arising out of an arrest for shoplifting from a Wal-Mart discount store. This Court affirmed the judgment for the plaintiff on the condition that the plaintiff accept a remittitur of the punitive-damages award. This Court recognized that if the plaintiff chose a new trial over a remittitur of the damages, the defendant could move for a change of venue based on the doctrine of forum non conveniens. A request for a change of venue, however, is not governed by a statute that confers such limited jurisdiction as does § 43-8-198. Therefore, Goodman
is inapplicable here. See Kelley, supra.
Thus, because Savas did not follow the statutory requirements for removing a will contest to the circuit court, the circuit court did not have jurisdiction over the will contest.
 Conclusion
Based on the foregoing, the judgment of the circuit court is reversed, and this case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SEE, LYONS, BROWN, and HARWOOD, JJ., concur.