BOLIN, Justice.
 

 Kimberly Bond appeals from the circuit court’s order dismissing her complaint for lack of subject-matter jurisdiction. We affirm.
 

 Facts and Procedural History
 

 Kenneth D. Pylant II died on September 5, 2005. When he died, Kenneth was married to Kimberly Bond; he had four children from a previous marriage, two of whom were minors. Subsequently, James Sprayberry, as executor of Kenneth’s estate, filed a petition in the Lee County Probate Court seeking to admit to probate a copy of Kenneth’s will, which Sprayberry alleged had been lost or destroyed.
 
 [1]
 
 Apparently, Sprayberry, who is an attorney, had a copy of an unexecuted will he had prepared on Kenneth’s behalf, which he asserted was a copy of the will Kenneth executed. We assume that the heirs at law were notified of the petition as required by § 43-8-164 through -166, Ala. Code 1975. On November 29, 2005, the probate court held a hearing and that same day entered an order admitting the copy of the lost will to probate.
 

 On April 26, 2006, Bond filed in the probate court a “Complaint contesting the Will.” That same day, Bond also filed in the probate court a motion to transfer the will contest to the circuit court pursuant to § 43-8-198, Ala.Code 1975. On May 2, 2006, the probate court purported to transfer the will contest to the circuit court by having someone take the file to the circuit court clerk’s office. A member of the probate court’s staff informed Bond’s counsel that there was no order of transfer. On May 30, 2006, the probate court entered an order again purporting to transfer the will contest to the circuit court.
 
 [2]
 

 
 *854
 
 On June 9, 2006, Bond filed a complaint in the circuit court contesting the will. On June 16, 2006, Sprayberry, as executor, along with Kenneth’s two adult children, filed an answer and moved to dismiss the complaint filed in the circuit court on the ground that the circuit court lacked subject-matter jurisdiction over the matter. On November 30, 2006, the circuit court entered an order dismissing Bond’s complaint for lack of subject-matter jurisdiction because Bond failed to file her will contest in the circuit court within six months after the will was admitted to probate as required by § 43-8-199, Ala.Code 1975. Bond timely appealed.
 

 Standard of Review
 

 In
 
 Newman v. Savas,
 
 878 So.2d 1147 (Ala.2003), this Court set out the standard of review of a ruling on a motion to dismiss for lack of subject-matter jurisdiction:
 

 “A ruling on a motion to dismiss is reviewed without a presumption of correctness.
 
 Nance v. Matthews,
 
 622 So.2d 297, 299 (Ala.1993). This Court must accept the allegations of the complaint as true.
 
 Creola Land Dev., Inc. v. Bent-brooke Housing, L.L.C.,
 
 828 So.2d 285, 288 (Ala.2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail.
 
 Nance,
 
 622 So.2d at 299.”
 

 878 So.2d at 1148-49.
 

 Discussion
 

 “In Alabama, a will may be contested in two ways: (1) under § 43-8-190, Ala.Code 1975, before probate, the contest may be instituted in the probate court or (2) under § 43-8-199, Ala.Code 1975, after probate and within six months thereof, a contest may be instituted by filing a complaint in the circuit court of the county in which the will was probated.”
 

 Stevens v. Gary,
 
 565 So.2d 73, 74 (Ala. 1990).
 
 [3]
 

 In the present case, Bond did not contest the will
 
 before
 
 it was admitted to probate. Section 43-8-198, Ala.Code 1975, provides for the transfer of a will contest from the probate court to the circuit court, but this section must be read in conjunction with § 43-8-190, Ala.Code 1975. See
 
 Bardin v. Jones,
 
 371 So.2d 23 (Ala.1979) (addressing the transfer of a will contest to the circuit court). Section 43-8-190 pertains only to a will contest filed in the probate court
 
 “before
 
 the probate thereof.” (Emphasis added.) Other than as noted in note 3,
 
 supra,
 
 the only provision for contesting a will
 
 after
 
 its admission to probate, as is the case here, is § 43-8-199, Ala.Code 1975, which states:
 

 “Any person interested in any will who has not contested the same under the provisions of this article may, at
 
 any time within the six months after the admission of such will to probate
 
 in this state, contest the validity of the same
 
 by filing a complaint in the circuit court
 
 in the county in which such will was probated.”
 

 (Emphasis added.)
 

 Bond filed a will contest in the probate court, after the will had been admitted for probate, and moved the probate court to transfer the will contest to the
 
 *855
 
 circuit court. Under § 43-8-190, Bond was precluded from filing the contest in the probate court after the will had been admitted to probate, and therefore there was no proper contest to transfer to the circuit court pursuant to § 43-8-198. Although the probate court physically transferred the file and subsequently entered an order transferring the will contest to the circuit court, these actions are not sufficient to invoke the circuit court’s jurisdiction under § 43-8-199. “A circuit court’s jurisdiction over a will contest is statutory and limited.”
 
 Forrester v. Putman,
 
 409 So.2d 773, 775 (Ala.1981).
 

 In
 
 Kelley v. English,
 
 439 So.2d 26 (Ala. 1983), the decedent’s children petitioned for the probate of his purported will, which named them as executors. The probate court admitted the will to probate. Subsequently, the decedent’s widow filed a will contest in the probate court, along with a demand that the contest be transferred to circuit court. The probate court entered a order transferring the contest to the circuit court. The children filed a motion to dismiss the will contest on the ground that § 43-1-70 (now § 43-8-190) authorized a contest before the probate of the will and § 43-1-79 (now § 43-8-199) authorized a will contest by filing a complaint in the circuit court within six months after the admission of the will to probate, and that the decedent’s widow had taken neither action. The circuit court granted the motion to dismiss. Subsequently, the widow filed an amendment to the complaint contesting the will in the circuit court. The children filed a motion to strike the amendment because there was no valid complaint to which the amendment could attach. The circuit court granted the motion; the widow appealed. This Court held that the widow did not properly file a contest in the circuit court so as to invoke that court’s jurisdiction under what is now § 43-8-199.
 

 In order to timely contest the will after it was admitted for probate, Bond had to file a will contest in the circuit court within six months of the admission of the will to probate. Bond’s will contest filed in the probate court was a nullity because it was filed after the will was admitted to probate, and the probate court’s order purporting to transfer the file to the circuit court could not and did not confer jurisdiction on the circuit court.
 

 Conclusion
 

 The judgment of the circuit court dismissing Bond’s will contest for lack of subject-matter jurisdiction is affirmed.
 

 AFFIRMED.
 

 COBB, C.J., and LYONS, STUART, and MURDOCK, JJ., concur.
 

 [1]
 

 . In a proceeding to probate an alleged lost or destroyed will, the burden is on the proponent to establish: (1) the existence of a will; (2) the loss or destruction of the will; (3) the nonrevocation of the will by the testator; and (4) the contents of the will in substance and effect.
 
 Barksdale v. Pendergrass,
 
 294 Ala. 526, 529, 319 So.2d 267, 269 (1975).
 

 [2]
 

 . We note that Bond did not file a petition to remove the administration of the estate from the probate court to the circuit court pursuant to § 12-11-41, Ala.Code 1975, which petition could have been filed in the circuit court at any time before final settlement, after the will was admitted to probate.
 

 [3]
 

 . The probate courts of Mobile, Jefferson, and Shelby Counties have concurrent jurisdiction with the circuit court to try will contests
 
 after
 
 a will has been admitted to probate based on local acts. See Act No. 974, Ala. Acts 1961, Act No. 1144, Ala. Acts 1971, and Act No. 2003-123, Ala. Acts 2003, respectively; see also
 
 Coleman v. Richardson,
 
 421 So.2d 113 (Ala. 1982) (addressing the concurrent jurisdiction of the Mobile Circuit Court and the Mobile County Probate Court in hearing a will contest after a will has been admitted to probate).