LYONS, Justice.
 

 I.
 
 Facts and Procedural Histonj
 

 On January 30, 2008, Amanda Smith sued Peter M. Neil, Susan Neil, Beth Allen, and several fictitiously named defendants.
 
 [1]
 
 Smith sued in her individual capacity and purportedly on behalf of National Life
 
 &
 
 Annuity, LLC (“National Life”). The complaint alleged that Smith had been employed by National Life and that she had been “promised that she would have an option to purchase a portion of National Life after one year of service.” The complaint stated:
 

 “9. In August 2003, the principals of National Life ... decided to sell National Life to Amanda Smith. An agreement was reached with Smith whereby National Life was to be conveyed to Smith for her agreement to assume all debts of National Life. Pursuant to that agreement, Peter Neil [an attorney licensed to practice law in Alabama] was directed to draft the appropriate paperwork to complete the sale.
 

 “10. Peter Neil represented to Amanda Smith that he had taken all of the steps to transfer National Life to her.
 

 “14. Susan Neil [who worked for National Life] suppressed from Smith and National Life the status of the ownership of National Life.”
 

 According to the complaint, Allen subsequently purchased National Life from Peter Neil in December 2007, and Peter Neil told Smith that “he was selling his business, not hers.” The complaint alleged that Allen thereafter excluded Smith from the operations of National Life.
 

 The complaint stated claims against Alien alleging tortious interference with contract, trespass to personal property, conversion, trespass to real property, civil conspiracy, and the tort of outrage. Against Peter Neil, the complaint alleged claims of tortious interference with contract, trespass to personal property, conversion, fraud, and a claim under the Alabama Legal Services Liability Act (“ALSLA”), § 6-5-570 et seq., Ala.Code 1975. The complaint also stated claims against both Peter Neil and Susan Neil alleging breach of fiduciary duty, civil conspiracy, and fraudulent suppression. Smith sought an unspecified amount of compensatory and punitive damages and a judgment declaring that she was the sole owner of National Life.
 

 The ALSLA claim against Peter Neil alleged that he “failed to take all necessary and proper steps to record the transfer of the full ownership interest of National Life in Smith.” The fraud claim against Peter Neil alleged that he “fraudulently represented to Smith and National Life that he would take all actions necessary to convey all ownership interests in National Life to Smith.” The fraudulent-suppression claim against Peter Neil and Susan Neil alleged that they “fraudulently suppressed and concealed from Smith and National Life that [Peter Neil] had not taken all actions necessary to convey all ownership interests in National Life to Smith.”
 

 Peter Neil and Susan Neil answered the complaint, and on February 7, 2008, Allen
 
 *1274
 
 moved to dismiss the complaint. She argued that Smith did not own National Life and that she therefore did not have standing to sue on its behalf. Allen also argued that the claims Smith asserted against Allen in Smith’s individual capacity were based on the premise that Smith owned National Life, and she did not. On these bases, Allen argued that the claims against her should be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), Ala. R. Civ. P. Alternatively, Allen argued that the complaint failed to state a claim upon which relief could be granted and should be dismissed pursuant to Rule 12(b)(6), Ala. R. Civ. P.
 

 The parties exchanged limited discovery and submitted evidence to the trial court. Regarding Smith’s individual claims against Allen, at a hearing on May 30, 2008, on discovery matters, Smith’s counsel conceded: “I would agree with [the argument of Allen’s counsel], that if [Smith] never purchased National Life, she has no claim against Beth Allen.” On September 15, 2008, the trial court conducted a hearing on Allen’s motion to dismiss. At the hearing, the trial court received ore tenus evidence from Peter Neil. On October 6, 2008, the trial court determined that Smith lacked standing to assert claims against Allen and the Neils. It therefore granted Allen’s motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) and,
 
 sua sponte,
 
 ordered that the remaining claims in the action be dismissed, thereby dismissing Smith’s claims against the Neils, who had not filed a motion to dismiss. Smith, individually and purportedly on behalf of National Life, appealed.
 

 II.
 
 Standard of Review
 

 “In
 
 Newman v. Savas,
 
 878 So.2d 1147 (Ala.2003), this Court set out the standard of review of a ruling on a motion to dismiss for lack of subject-matter jurisdiction:
 

 “ ‘A ruling on a motion to dismiss is reviewed without a presumption of correctness.
 
 Nance v. Matthews,
 
 622 So.2d 297, 299 (Ala.1993). This Court must accept the allegations of the complaint as true.
 
 Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C.,
 
 828 So.2d 285, 288 (Ala.2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail.
 
 Nance,
 
 622 So.2d at 299.’
 

 “878 So.2d at 1148-49.”
 

 Pontius v. State Farm Mut. Auto. Ins. Co.,
 
 915 So.2d 557, 563 (Ala.2005). See also
 
 Ex parte Alabama Dep’t of Transp.,
 
 978 So.2d 17, 21 (Ala.2007).
 

 III.
 
 Analysis
 

 Allen postures her challenge to Smith’s complaint under Rule 12(b)(1), Ala. R. Civ. P., as a factual challenge rather than a facial challenge. This Court recently discussed the difference between a facial challenge and a factual challenge in
 
 Ex parte Safeway Insurance Co. of Alabama, Inc.,
 
 990 So.2d 344 (Ala.2008). Quoting
 
 Lindsey v. United States,
 
 448 F.Supp.2d 37, 42-43 (D.D.C.2006),
 
 [2]
 
 this Court explained:
 

 “ ‘Once a defendant has moved to dismiss a case pursuant to Rule 12(b)(1),
 
 *1275
 
 “the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence.”
 
 Erby v. United States,
 
 424 F.Supp.2d 180, 182 (D.D.C.2006) (citing
 
 Lujan v. Defenders of Wildlife,
 
 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)) .... “The [CJourt, in turn, has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority.”
 
 Abu Ali v. Gonzales,
 
 387 F.Supp.2d 16, 17 (D.D.C.2005) (internal quotations omitted).
 

 “ ‘Facial challenges, such as motions to dismiss for lack of standing at the pleading stage, “attack[ ] the factual allegations of the complaint that are contained on the face of the complaint.”
 
 Al-Owhali [v. Ashcroft],
 
 279 F.Supp.2d [13,] 20 [ (D.D.C.2003) ] (internal quotation marks and citation omitted). “If a defendant mounts a ‘facial’ challenge to the legal sufficiency of the plaintiffs jurisdictional allegations, the court must accept as true the allegations in the complaint and consider the factual allegations of the complaint in the light most favorable to the non-moving party.”
 
 Erby,
 
 424 F.Supp.2d at 181 _ The court may look beyond the allegations contained in the complaint to decide a facial challenge, “as long as it still accepts the factual allegations in the complaint as true.”
 
 Abu Ali,
 
 387 F.Supp.2d at 18_
 

 “ ‘Factual challenges, by contrast, are “addressed to the underlying facts contained in the complaint.”
 
 Al-Owhali,
 
 279 F.Supp.2d at 20.... [A] court deciding a Rule 12(b)(1) motion asserting a factual challenge “must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss.”
 
 [Phoenix Consulting, Inc. v. Republic of Angola,
 
 216 F.3d 36, 40 (D.C.Cir.2000).]’ ”
 

 Safeway,
 
 990 So.2d at 349-50. In
 
 Safeway,
 
 this Court concluded that the complaint was facially sufficient, and it reviewed the defendant’s factual challenge to the trial court’s subject-matter jurisdiction.
 

 Turning to this case, Allen characterizes her Rule 12(b)(1) challenge to Smith’s complaint as a factual challenge. Therefore, she says, under the rules stated in
 
 Safeiuay
 
 regarding factual challenges, the trial court properly considered ore ten-us and documentary evidence at the September 15, 2008, hearing. Smith contends that the trial court erred in considering this evidence and, alternatively, argues that the trial court should have allowed her additional discovery before dismissing the action. Because we conclude that the trial court’s judgment regarding the claims asserted on behalf of National Life may be affirmed for a lack of subject-matter jurisdiction under Rule 12(b)(1) based solely on the face of the complaint, we need not consider the rules stated in
 
 Safeway
 
 regarding factual challenges to subject-matter jurisdiction.
 
 [3]
 

 All the allegations of Smith’s complaint must be taken as true, see
 
 Safeway,
 
 supra, and
 
 Newman v. Savas,
 
 878 So.2d 1147 (Ala.2003); there is, however, no averment in the complaint that ownership
 
 *1276
 
 of National Life was ever transferred to Smith. In her argument on appeal, Smith relies on the allegations in paragraphs 9 and 10 of her complaint, quoted above, to show that she alleged ownership of National Life in her complaint. In those paragraphs, Smith averred that the owners of National Life had agreed to sell the company to her and that Peter Neil represented to her that he “had taken all of the steps to transfer National Life to her.” The allegation of an agreement to sell, even when taken as true, does not state that the agreement to sell was consummated. The allegation concerning Peter Neil’s representation that he had taken all steps necessary to transfer National Life to Smith, even when taken as true, also falls short of stating that the sale to Smith was in fact consummated. Because the complaint fails to allege that Smith actually obtained any ownership interest in National Life, it fails to aver facts, which, if taken as true, are sufficient to establish Smith’s standing to commence an action on behalf of National Life.
 

 Smith also alleges in her complaint that she “operated National life as the sole owner of National Life.” She does not, in her principal brief to this Court, rely on this averment as indicia of ownership. We therefore decline to expand this allegation beyond an averment that Smith operated National Life as if she were its owner. Indeed, the remaining allegations of the complaint, particularly regarding Smith’s claims of fraud and suppression against Peter Neil and Susan Neil, are consistent with the allegations in paragraphs 9 and 10 of her complaint as they allege that the company was not, in fact, transferred to her.
 

 Accordingly, even if all the allegations of the complaint are assumed to be true, Smith has not alleged that she holds any ownership interest in National Life and therefore has not shown that she has standing to sue on its behalf. See
 
 Safeway,
 
 supra; cf.
 
 Shelton v. Thompson,
 
 544 So.2d 845, 848 (Ala.1989) (“[Wjhere a stockholder sells his stock, either to the corporation or to a third party, that stockholder, generally speaking, can not claim standing to maintain a derivative action on behalf of the corporation in which he no longer owns an interest.”). Because the face of the complaint shows that Smith lacks standing, the trial court lacked subject-matter jurisdiction over the claims Smith asserted on behalf of National Life. On this basis, we affirm the trial court’s dismissal of those claims on behalf of National Life pursuant to Rule 12(b)(1). Of course, that dismissal is without prejudice. See
 
 Ex parte Capstone Dev. Corp.,
 
 779 So.2d 1216 (Ala.2000)(a dismissal for lack of subject-matter jurisdiction is treated as a dismissal without prejudice to the plaintiffs right to reinstitute the action).
 

 Regarding the claims Smith asserted individually against Allen, Smith’s counsel admitted “that if [Smith] never purchased National Life, she has no claim
 
 against Beth Allen.”
 
 (Emphasis added.) Based on this concession, and on the lack of any allegation in the complaint that Smith owned National Life, we affirm the trial court’s dismissal of Smith’s individual claims against Allen. See, e.g.,
 
 Clardy v. Tri-Community Water Sys.,
 
 591 So.2d 65 (Ala.1991)(reversing a summary judgment based, in part, on admissions by counsel for the defendant at the summary-judgment hearing).
 

 Regarding Smith’s remaining claims against Peter Neil and Susan Neil, in Smith’s individual capacity alleging breach of fiduciary duty, civil conspiracy,
 
 *1277
 
 and fraudulent suppression, and against Peter Neil, alleging tortious interference with contract, trespass to personal property, conversion, fraud, and a claim under the ALSLA, we find no basis in the concession of counsel at the May 30, 2008, hearing that would foreclose further proceedings against the Neils. The trial court’s
 
 sua sponte
 
 dismissal of Smith’s claims against the Neils without a pending motion to dismiss or a motion for a summary judgment is reversed, and we remand the action for further proceedings as to those claims.
 
 [4]
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 COBB, C.J., and STUART, BOLIN, and MURDOCK, JJ., concur.
 

 [1]
 

 . No parties were ever substituted for the fictitiously named defendants.
 

 [2]
 

 . "Federal cases construing the Federal Rules of Civil Procedure are persuasive authority in construing the Alabama Rules of Civil Procedure, which were patterned after the Federal Rules of Civil Procedure.”
 
 Hilb, Rogal & Hamilton Co. v. Beiersdoerfer,
 
 989 So.2d 1045, 1056 n. 3 (Ala.2007).
 

 [3]
 

 . "This Court may affirm a trial court's judgment on ‘any valid legal ground presented by the record ....'”
 
 General Motors Corp. v. Stokes Chevrolet, Inc.,
 
 885 So.2d 119, 124 (Ala.2003) (quoting
 
 Liberty Nat'l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C.,
 
 881 So.2d 1013, 1020 (Ala.2003)).
 

 [4]
 

 . As previously noted, the trial court's dismissal of the claims asserted on behalf of National Life is without prejudice. In the event discovery on remand establishes an evi-dentiary basis on which Smith can allege ownership of National Life, this Court's affir-mance of that dismissal would not preclude further proceedings based on that evidence.