MOORE, Judge.
Rickey L. Ayers, as administrator of the estate of James L. Cleveland, deceased (“the estate”), appeals from a judgment of the Franklin Circuit Court (“the trial court”) granting a motion to dismiss filed by Carol Clark and Robert J. Cleveland for lack of jurisdiction. We reverse.
On February 15, 2011, Ayers filed in the trial court a petition to terminate a trust, asserting that James L. Cleveland had died intestate on November 21, 2010, and that Ayers had been granted letters of administration of James’s estate on January 6, 2011. Ayers named as defendants Essie V. Cleveland, Robert J. Cleveland, and Carol Clark. Ayers alleged that James was the settlor and sole trustee of the “James Cleveland Living Trust” (“the trust”), which, he alleged, had its principal place of administration in Franklin County. Ayers asserted that “[njeither the original nor any copy of the document creating the [trust] remains in existence and no living person has personal knowledge of the complete contents of the original trust document, including any knowledge of putative beneficiaries or a purpose for the existence of the trust.” Ayers requested the trial court to issue an order terminating the trust and directing that the assets of the trust be paid into the estate for distribution among James’s heirs in accordance with Alabama’s intestacy statutes. Although Ayers asserted in *410 his petition that he was seeking the termination of the trust, we interpret his petition as seeking a declaration that no valid trust exists.
Carol Clark and Robert J. Cleveland filed an answer to the petition, denying the allegations therein, on July 15, 2011.[1] Also on July 15, 2011, Carol and Robert filed a motion to dismiss, asserting that the document creating the trust had been located after Ayers had filed his petition. Carol and Robert also asserted in their motion to dismiss that the assets held by the trust are not assets of the estate but are to be distributed pursuant to the trust, that Ayers is not a real party in interest and does not have standing, and, thus, that the trial court lacked subject-matter jurisdiction. Carol and Robert filed a brief in support of their motion to dismiss; attached to that brief is a copy of a document dated November 20, 1991, entitled “Love Agreement.” Ayers filed a response to the motion to dismiss, asserting that the document submitted by Carol and Robert was not the trust document that established the trust.
On November 30, 2011, the trial court entered an order granting Carol and Robert’s motion to dismiss. That order stated: “MOTION TO DISMISS PURSUANT TO RULE 12(B)[, Ala. R. Civ. P.,] filed by [Carol Clark] and [Robert J. Cleveland] is hereby GRANTED. Court lacks jurisdiction. Case is dismissed.” (Capitalization in original.) Ayers filed a motion to alter, amend, or vacate the trial court’s judgment on December 29, 2011; that motion was denied on January 12, 2012. Ayers filed his notice of appeal to this court on February 22, 2012. This court transferred the appeal to the Alabama Supreme Court for lack of subject-matter jurisdiction; that court subsequently transferred the appeal back to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
Ayers argues on appeal that the trial court erred in dismissing his petition based on lack of subject-matter jurisdiction. Each of Ayers’s arguments on appeal tending to show that the trial court has jurisdiction to hear this action are based on Ayers’s continued assertion that the “Love Agreement” is not the document that created the trust.
In Smith v. Neil, 20 So.3d 1271, 1273 (Ala.2009), Smith filed a complaint against Neil and other defendants, alleging a number of claims stemming from Neil’s purported failure to transfer an ownership interest in a company to Smith. Smith, both in her individual capacity and on behalf of the company, filed the complaint against, among others, Neil and the current owner of the company. Neil and the current owner of the company filed motions to dismiss alleging that Smith lacked standing to sue on behalf of the company because she did not own the company and that the claims asserted in her individual capacity against the current owner were based on the premise that Smith owned the company, which, they asserted, she did not. 20 So.3d at 1274. In affirming the trial court’s dismissal of Smith’s claims on behalf of the company and her claims against the current owner, the supreme court stated, in pertinent part:
“In Newman v. Savas, 878 So.2d 1147 (Ala.2003), this Court set out the standard of review of a ruling on a motion to dismiss for lack of subject-matter jurisdiction:
*411 “ ‘ “A ruling on a motion to dismiss is reviewed without a presumption of correctness. Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993). This Court must accept the allegations of the complaint as true. Creola Land Dev., Inc. v. Bent-brooke Housing, L.L.C., 828 So.2d 285, 288 (Ala.2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So.2d at 299.” ’
“ ‘878 So.2d at 1148-49.’
“Pontius v. State Farm Mut. Auto. Ins. Co., 915 So.2d 557, 563 (Ala.2005). See also Ex parte Alabama Dep’t of Transp., 978 So.2d 17, 21 (Ala.2007).
“III. Analysis
“[The current owner of the company] postures her challenge to Smith’s complaint under Rule 12(b)(1), Ala. R. Civ. P., as a factual challenge rather than a facial challenge. This Court recently discussed the difference between a facial challenge and a factual challenge in Ex parte Safeway Insurance Co. of Alabama, Inc., 990 So.2d 344 (Ala.2008). Quoting Lindsey v. United States, 448 F.Supp.2d 37, 42-43 (D.D.C.2006), this Court explained:
“ ‘ “Once a defendant has moved to dismiss a case pursuant to Rule 12(b)(1), ‘the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence.’ Erby v. United States, 424 F.Supp.2d 180, 182 (D.D.C.2006) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)) .... ‘The [C]ourt, in turn, has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority.’ Abu Ali v. Gonzales, 387 F.Supp.2d 16, 17 (D.D.C. 2005) (internal quotations omitted).
“ ‘ “Facial challenges, such as motions to dismiss for lack of standing at the pleading stage, ‘attack[ ] the factual allegations of the complaint that are contained on the face of the complaint.’ Al-Owhali [v. Ashcroft ], 279 F.Supp.2d [13,] 20 [ (D.D.C.2003) ] (internal quotation marks and citation omitted). ‘If a defendant mounts a “facial” challenge to the legal sufficiency of the plaintiffs jurisdictional allegations, the court must accept as true the allegations in the complaint and consider the factual allegations of the complaint in the light most favorable to the non-moving party.’ Erby, 424 F.Supp.2d at 181-The court may look beyond the allegations contained in the complaint to decide a facial challenge, ‘as long as it still accepts the factual allegations in the complaint as true.’ Abu Ali, 387 F.Supp.2d at 18 ....
“ ‘ “Factual challenges, by contrast, are ‘addressed to the underlying facts contained in the complaint.’ Al-Owhali, 279 F.Supp.2d at 20.... [A] court deciding a Rule 12(b)(1) motion asserting a factual challenge ‘must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss.’ [Phoenix Consulting, Inc. v. Republic of Angola, 216 F.3d 36, 40 (D.C.Cir.2000).]” ’
“Safeway, 990 So.2d at 349-50. In Safeway, this Court concluded that the complaint was facially sufficient, and it reviewed the defendant’s factual challenge to the trial court’s subject-matter jurisdiction.”
20 So.3d at 1274-75 (footnote omitted).
In their brief on appeal, Carol and Robert state in the section entitled “Summary of the Argument,” in pertinent part:
*412 “It is the responsibility of the Trustees of the Trust, Carol Clark and Robert J. Cleveland, to enforce the provisions of the agreement and only if a Court determines the ‘Love Agreement’ is not the same document referenced as the James L. Cleveland Living Trust by Edward Jones would the assets of the Trust possibly pass through the Estate.”
It is clear that Carol and Robert’s argument that Ayers did not have standing to bring the action and, thus, that the trial court lacked subject-matter jurisdiction, both before the trial court and on appeal, turns on whether the “Love Agreement” is the document that created the trust. Because the trial court granted Carol and Robert’s motion to dismiss based on lack of jurisdiction, it is clear that the trial court interpreted Carol and Robert’s assertion that the “Love Agreement” created the trust as a factual challenge, which it apparently resolved in favor of Carol and Robert.
In response to Carol and Robert’s motion to dismiss, Ayers filed a response that stated, in pertinent part:
“1. [Ayers] plans to present evidence in this case that the document procured by [Carol and Robert], titled ‘Love Agreement’ and dated both November 20, 1991, and May 15, 1990, did not establish the James Cleveland Living Trust.
“2. [Ayers] will provide testimony from the appropriate authorities at every financial institution that holds funds on behalf of the James Cleveland Living Trust to the effect that the James Cleveland Living Trust was created by a trust document dated on or about July 11, 1990, titled ‘The James Cleveland Living Trust.’
“3. Because the ‘Love Agreement’ provided by the Defendants did not establish the James Cleveland Living Trust and no document creating said trust has been located to this date, [Ayers] believes the appropriate remedy remains to dissolve said trust and place the funds into the estate of James Le-born Cleveland. As the Administrator of the Estate of James Leborn Cleveland, [Ayers] is a real party in interest, has standing before this Court, and this Court thus retains subject matter jurisdiction over this cause.”
When Carol and Robert filed their motion to dismiss, they challenged the factual assertion on the face of Ayers’s petition that no copy of the document creating the trust was in existence. We interpret Ayers’s petition, however, as initiating an action requesting the trial court to declare, based on the lack of a trust document, that no trust ever existed. Ayers’s standing to request such a declaration stems from his fiduciary capacity as the administrator of James’s estate. See generally Ex parte Byrom, 47 So.3d 791 (Ala.2010), and § 19-3B-103(10), Ala.Code 1975 (including an “estate” in the definition of a “person” for purposes of the Alabama Uniform Trust Code, AIa.Code 1975, § 19-3B-101 et seq.). Because Ayers is the administrator of James’s estate, he is a fiduciary “under a duty to settle and distribute the estate of the decedent ... as expeditiously and efficiently as is consistent with the best interests of the estate.” § 43-2-833(a), Ala. Code 1975. Carol and Robert’s assertion that the “Love Agreement” is the trust document does not attack Ayers’s standing as the administrator of the estate to challenge either the validity of the trust itself or Carol and Robert’s assertion that the “Love Agreement” is the document creating the trust. Rather, it merely illustrates that there remains a genuine issue of material fact as to whether the “Love Agreement” is the document that created the trust and, regardless of whether the trial *413 court concludes that it did, whether that trust is valid. Thus, the trial court erred by interpreting Carol and Robert’s motion to dismiss as a factual challenge to Ayers’s standing. We conclude, therefore, that the trial court erred in granting Carol and Robert’s motion to dismiss, and we remand the case to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ„ concur.

. Although Essie V. Cleveland was served as a defendant, she failed to file an answer to Ayers's petition. Because the trial court ultimately dismissed the petition for lack of subject-matter jurisdiction, we conclude that that judgment disposed of Ayers’s claims against all the named defendants.