BOLIN, Justice
(concurring specially).
I concur with affirming the summary judgment entered by the Shelby Probate Court in favor of Dairian Bentley, as personal representative of the estate of Mark Jonathan Bentley, Sr., deceased (sometimes hereinafter referred to as “the estate”), in this will-contest action filed by William Wood Byrd, Jr. Although the probate court provided alternative reasons as to why the summary judgment in favor of the estate was proper, I write specially to discuss the probate court’s reason that it lacked jurisdiction over the will contest under § 43-8-199, Ala.Code 1975, because Byrd filed the contest in the probate court, rather than the circuit court.
I initially note that I agree with the probate court’s assessment that the substance of Byrd’s action against the estate is a will contest inasmuch as the crux of Byrd’s allegations is that the will submitted to probate by Dairian Bentley was a forgery and that Dairian Bentley had committed fraud by presenting the will for probate.
“In Alabama, a will may be contested in two ways: (1) under § 43-8-190, Ala. Code 1975, before probate, the contest may be instituted in the probate court or (2) under § 48-8-199, Ala. Code 1975, after probate and within six months thereof, a contest may be instituted by filing a complaint in the circuit court of the county in which the will was probated.”
Stevens v. Gary, 565 So.2d 73, 74 (Ala.1990)(emphasis added). Section 43-8-199, Ala.Code 1975, “provides the sole remedy where [as here] a person interests ed in an estate fails to join a will contest in probate court.” Hollis v. Wallace, 481 So.2d 875, 877 (Ala.1985). “Because a circuit court’s jurisdiction over a will contest is statutorily conferred and limited, a proceeding initiated under § 43-8-199 must comply exactly with the requirements of that statute.” Evans v. Waddell, 689 So.2d 23, 27 (Ala.1997).
The probate court reasoned that because the will in this case had already been admitted to probate, under the plain mandate of § 43-8-199, Byrd was required to file his action in the circuit court, and not the probate court. I take this opportunity, however, to point out that there are currently four Alabama counties (Mobile, Jefferson, Shelby, and Pickens Counties) in which the probate courts have been vested with jurisdiction concurrent with that of the circuit courts to try contests after a will has been admitted to probate. Pursuant to local acts, the probate courts of Mobile and Jefferson Counties have concurrent jurisdiction with the circuit courts of those counties and therefore have jurisdiction to try contests after a will has been admitted to probate. See Act No. 974, *1065 Ala. Acts 1961, and Act No. 1144, Ala. Acts 1971, respectively. See also Coleman v. Richardson, 421 So.2d 113, 116 (Ala.1982), in which this Court held that, pursuant to Act No. 974, the Mobile Probate Court, located in a county then having a population of between 300,000 and 500,000, had jurisdiction to try a will contest case after the will had been presented to probate:
“Appellant contends that because Act No. 974 confers general equity jurisdiction on certain probate courts concurrent with that of the circuit courts, in equity, dealing with the administration of estates, and further confers the same powers and authority on probate judges of certain counties as exercised and held by circuit judges of those same counties, sitting in equity and dealing with the administration of estates, his petition to so probate the alleged October 23, 1973, will of Irma Barbara Garriga Coleman does not, as suggested by Appellee, contravene the mandate of Code 1975, [§ 43-8-199], We agree.
“While the plain and clear language of Code 1975, [§ 43-8-199], speaks only to the ‘circuit’ court’s jurisdiction in will contests, to say that such nomenclature deprives those probate courts in the appropriately populated counties via Act No. 974 from any post-probate jurisdiction would, in our view, read Act No. 974 right out of existence. We are sensitive to Appellee’s admonition against ‘judicial legislation,’ but we are constrained to give Act No. 974, enacted subsequent to § 43-1-79 [the predecessor to § 43-8-199], its clear meaning and to effect its obvious purpose.
“It is important to note that such concurrent jurisdiction, as heretofore delineated, exists only in those counties with the population set forth in Section 1 of the Act. As Mobile County is encompassed within such population guidelines, Coleman’s filing of his ‘will contest’ petition in the probate court, as opposed to the circuit court, was entirely proper.”
Although Coleman was decided based upon the local act conferring equity jurisdiction on the Mobile Probate Court concurrent with the circuit court as to the administration of estates, the same logic and reasoning would apply to similar local acts or constitutional amendments that grant like authority to probate courts in other counties.
Pursuant to local constitutional provisions, the probate courts of Shelby and Pickens Counties “may exercise equity jurisdiction concurrent with that of the circuit court[s] in cases originally filed in the Probate Court[s] of [Shelby and Pickens Counties] if the [probate judges are] licensed to practice law in the State of Alabama.” See Local Amendments, Shelby County, § 4, Ala. Const. 1901 (Official Recomp.), and Local Amendments, Pick-ens County, § 6.10, Ala. Const. 1901 (Official Recomp.). Accordingly, Byrd’s will contest need not be filed in the circuit court, because the Shelby Probate Court was constitutionally vested with equity jurisdiction pursuant to a local constitutional provision where, in accordance with that provision, the current probate judge in Shelby County is licensed to practice law in this State.
Notwithstanding the foregoing, based on the other valid alternative reasons stated by the probate court, I agree that the summary judgment in favor of the estate is proper. “[T]his Court will affirm a judgment for any reason supported by the record that satisfies the requirements of due process.” Smith v. Mark Dodge, Inc., 934 So.2d 375, 380 (Ala.2006) (citing Taylor v. Stevenson, 820 So.2d 810, 814 (Ala. 2001)).