In January 1993, Alfa Mutual Insurance Company (Alfa) and its insured, Janie Burrow, filed a subrogation action against Bennie Sullivan in the Circuit Court of Madison County as a result of an automobile accident that had occurred in June 1991. Apparently, Sullivan was uninsured. In April 1993, Sullivan, pro se, answered the lawsuit with a general denial, and the case was set for trial. Upon Sullivan's failure to appear, a default judgment was entered against him on July 27, 1993. In September 1994, approximately 14 months later, Sullivan sought to have the default judgment set aside by filing a motion pursuant to Rule 60(b), A.R.Civ.P. The motion was set for a hearing on October 14, 1994. It is unclear from the record which subdivision of Rule 60(b) Sullivan asserted as controlling in his motion, and there is no transcript of the hearing. The motion was denied, and Sullivan appeals.
In his brief, Sullivan contends that the trial court erred in denying his Rule 60(b) motion, claiming that at the time of the trial in July 1993, he was severely ill in Dallas County, Alabama, and was unable to attend the trial.
Sullivan's brief fails to comply with Rule 28, A.R.App.P., in numerous respects. Although his brief states an issue, he fails to properly argue that issue or to cite any authority to support his position. Sullivan's brief contains a table of authorities that cites several cases, but his brief fails to indicate how those cases support his position. Furthermore, those cases concern general propositions of law regarding Rule 60(b) motions, but Sullivan fails to indicate any application of those propositions to his case, and he fails to indicate that the trial court erred. No matter will be considered on appeal that is not properly presented and argued in brief.Mullins v. Mullins, 416 So.2d 1063 (Ala.Civ.App. 1982). When an appellant fails to properly argue an issue, that issue is waived and will not be considered on appeal. Boshell v. Keith,418 So.2d 89 (Ala. 1982). This court is not unsympathetic to a pro se litigant; however, the rules governing the operation of the *Page 1234 
courts of this state are no more forgiving to a pro se litigant than to one represented by counsel. Bowman v. Pat's Auto Parts,504 So.2d 736 (Ala.Civ.App. 1987). Thus, a party acting pro se must comply with legal procedure and court rules and may not avoid the effect of the rules because of unfamiliarity. SeeHines v. City of Mobile, 480 So.2d 1203 (Ala. 1985).
Sullivan's failure to comply with Rule 28, A.R.App.P., places him in a perilous position, and provides this court with nothing to review on appeal. In view of Sullivan's failure to substantially comply with the rules, we pretermit a discussion of any issue he attempted to raise. It is neither the duty nor the function of an appellate court to perform a party's legal research. Lockett v. A.L. Sandlin Lumber Co., 588 So.2d 889
(Ala.Civ.App. 1991). We therefore affirm the judgment of the trial court. Moats v. Moats, 585 So.2d 1386 (Ala.Civ.App. 1991).
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE and CRAWLEY, JJ., concur.