BRYAN, Justice.
The Alabama Educational Television Commission (“the Commission”) and Ferris W. Stephens, Rodney D. Herring, Les Barnett, J. Holland, Dannetta K. Thornton Owens, Bebe Williams, and Gregory 0. Griffin, Sr. (hereinafter collectively referred to as “the Commissioners”), have petitioned this Court for the writ of mandamus directing the Jefferson Circuit Court to dismiss claims brought against them by Allan Pizzato and Pauline How-land and to strike Pizzato and Howland’s second amended complaint.[1] We grant the petition and issue the writ.

Facts and Procedural History

The purpose of the Commission is to “mak[e] the benefits of educational television available to and promot[e] its use by inhabitants of Alabama.” § 16-7-5, Ala. Code 1975. The Commission is composed of seven commissioners, one from each congressional district in Alabama. During the relevant period, Stephens served as chairman of the Commission.
From 2000 until June 2012, Pizzato served as the executive director of Alabama Public Television (“APT”) and How-land served as the deputy director and chief financial officer of APT. Sometime before June 2012, tension arose between Pizzato and the Commissioners. At its regular quarterly meeting on June 12, 2012, the Commission voted to go into *285 executive session[2] to discuss Pizzato’s “general reputation, character, and job performance.” After the Commission returned to its regular meeting from the executive session, Barnett moved to terminate Pizzato’s and Howland’s employment, stating that “the Commission had decided to move APT in a new direction.” The motion passed by a vote of five to two. The Commission then voted to hire Don Boomershine as interim executive director of APT. Although the Commission had voted to terminate her employment, Howland agreed to continue functioning in her position as deputy director and chief financial officer at APT until the end of July, at which time APT would submit its budget for the 2018 fiscal year.
On July 11, 2012, Pizzato requested certain materials from the Commission pursuant to the Open Records Act, § 36-12-40 et seq., Ala.Code 1975. On July 18, 2012, Pizzato sued the Commission and the Commissioners in their individual and official capacities, alleging violations of the Open Meetings Act, § 36-25A-1 et seq., Ala.Code 1975, and the Open Records Act and seeking compensatory and punitive damages. Pizzato also requested a judgment declaring that Stephens improperly held the office of assistant attorney general while he was serving as a commissioner.
The Commissioners moved the circuit court to dismiss Pizzato’s claims against them, arguing that Pizzato did not have standing to bring an Open Meetings Act claim, that the Open Meetings Act does not provide for the recovery of compensatory or punitive damages, and that the complaint failed to state a claim under the Open Meetings Act. The Commissioners also argued that Pizzato’s Open Records Act claim was moot because, they said, the requested documents had been produced[3] and that the circuit court did not have subject-matter jurisdiction over the request for a declaratory judgment because, they asserted, the allegations supporting that count failed to state a claim upon which relief could be granted. The Commission likewise moved the circuit court to dismiss the claims against it, adopting the Commissioners’ arguments and adding an argument that, as a State agency, the Commission was immune from suit.
Pizzato amended his complaint on August 4, 2012. On August 6 and 7, the circuit court held a preliminary hearing on the claims in the amended complaint and heard oral argument on the motions to dismiss. On August 8, the circuit court granted the Commission’s and the Commissioners’ motions in part, dismissing the claims against the Commissioners in their individual capacities and all claims seeking compensatory and punitive damages. The circuit court denied the motions to dismiss *286 to the extent that Pizzato sought the civil fines provided for in the Open Meetings Act, to the extent that Pizzato sought declaratory and/or injunctive relief against the Commission, and to the extent that Pizzato sought declaratory and/or injunc-tive relief against the Commissioners in their official capacities. The circuit court “reserve[d] its ruling” with regard to the Open Records Act claim and the request for a declaratory judgment as it related to Stephens.
On August 10, Pizzato filed a second amended complaint, adding Howland as a plaintiff and alleging an additional claim, pursuant to § 36-25A-7(b)(3), Ala.Code 1975, based on the alleged discussion of Howland during the executive session at the June 12 meeting. On August 13, the Commission and the Commissioners moved the circuit court' to certify three questions for an immediate permissive appeal: (1) whether § 36-25A-9(a), Ala.Code 1975, gave Pizzato and Howland standing to bring their claims; (2) whether § 36-25A-7(a)(l), Ala.Code 1975, prohibits the discussion in an executive session of the Commissioners’ personal knowledge regarding the job performance of certain employees; and (3) whether the Commission, as a State agency, was immune from suit for declaratory or injunctive relief. The Commission and the Commissioners moved to stay the proceedings in the circuit court pending the interlocutory appeal. The Commission and the Commissioners also moved the circuit court to strike thq second amended complaint and to amend or reconsider its order denying in part their motions to dismiss. The Commission and the Commissioners argued that Pizzato and Howland had not complied with Rule 15(a), Ala. R. Civ. P., in filing the second amended complaint and that the Commission and the Commissioners would be prejudiced if the second amended complaint were allowed to be considered.
After a hearing, the circuit court denied the Commission and the Commissioners’ motions, including the motion for a permissive appeal under Rule 5, Ala. RApp. P. The Commission and the Commissioners then petitioned this Court for mandamus relief and moved for an emergency stay of the circuit court’s orders. After the mandamus petition had been filed, this Court granted the motion to stay and ordered that discovery and other proceedings be stayed pending further order of this Court. The Commission and the Commissioners supplemented their mandamus petition, adding a request that the circuit court be directed to strike the second amended complaint.

Analysis

“ ‘ “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). The question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus. Ex parte Flint Constr. Co., 775 So.2d 805 (Ala.2000).
“Ex parte Liberty Nat’l Life Ins. Co., 888 So.2d 478, 480 (Ala.2003) (emphasis added). “When a party without standing 'purports to commence an action, the trial court acquires no subject-matter jurisdiction.’ State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1028 (Ala.1999). Under such a circumstance, the trial court has ‘no alternative but to dismiss the action.’ 740 So.2d at 1029.”
*287 Ex parte Chemical Waste Mgmt., Inc., 929 So.2d 1007, 1010 (Ala.2005).
The Commission and the Commissioners argue that they have a clear legal right to have the Open Meetings Act claims against them dismissed and to have the second amended complaint stricken on the ground that “[t]he circuit court lacks jurisdiction over [those] claim[s] because Pizzato [and Howland] lack[ ] standing and § [36-25A-]9(a) of the [Open Meetings] Act cannot supply it.” Petition, at 11.
“A ruling on a motion to dismiss is reviewed without a presumption of correctness. This Court must accept the allegations of the complaint as true. Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail.”
Newman v. Savas, 878 So.2d 1147, 1148-49 (Ala.2003) (citations omitted).
Section 36-25A-9(a) provides, in pertinent part: “Enforcement of this chapter may be sought by civil action brought in the county where the governmental body’s primary office is located by ... any Alabama citizen.” The Commission and the Commissioners argue that although § 36-25A-9(a) allows for enforcement by “any Alabama citizen,” a plaintiff must still satisfy the three requirements for standing set forth in Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).
In Lujan, the United States Supreme Court stated:
“Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an ‘injury in fact’ — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) ‘actual or imminent, not “conjectural” or “hypothetical.” ’ Second, there must be a causal connection between the injury and the conduct complained of — the injury has to be ‘fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.’ Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 41-42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976). Third, it must be ‘likely,’ as opposed to merely ‘speculative,’ that the injury will be ‘redressed by a favorable decision.’ ”
504 U.S. at 560-61. (citations omitted).
This Court has adopted the Lujan test as the means of determining standing in Alabama. See Ex parte King, 50 So.3d 1056, 1059 (Ala.2010) (“Traditionally, Alabama courts have focused primarily on the injury claimed by the aggrieved party to determine whether that party has standing; however, in 2003 this Court adopted the following, more precise, rule regarding standing based upon the test used by the Supreme Court of the United States: ‘A party establishes standing to bring a ... challenge ... when it demonstrates the existence of (1) an actual, concrete and particularized “injury in fact” — “an invasion of a legally protected interest”; (2) a “causal connection between the injury and the conduct complained of’; and (3) a likelihood that the injury will be “redressed by a favorable decision.” ’ ” (quoting Alabama Alcoholic Beverage Control Bd. v. Henri-Duval Winery, L.L.C., 890 So.2d 70, 74 (Ala.2003), quoting in turn Lujan, 504 U.S. at 560-61). See also Muhammad v. Ford, 986 So.2d 1158, 1162 (Ala.2007) (stating that, “[i]n [Henri-Duval ], this Court adopted a more precise rule regarding standing articulated by the United States Supreme Court” in Lujan); Town of Cedar Bluff v. Citizens Caring for Children, *288 904 So.2d 1253, 1256 (Ala.2004) (stating that the Court in Henri-Duval had “effectively restated” the standard for standing, using the three-pronged test from Lujan).
Applying the Lujan test here, we conclude that Pizzato and Howland do not have standing to bring this action because they have failed to demonstrate “a likelihood that [their alleged] injury will be ‘redressed by a favorable decision.’ ” Henri-Duval, supra. Pizzato and How-land argue that they were injured by the Commission’s termination of their employment and that that “termination was the direct result and consequence of the Commissioners’ violation of the Open Meetings Act.” Pizzato and Howland’s brief, at 21. They also argue:
“Pizzato amended his complaint to seek the relief mandated by statute and by the Circuit Court. Pizzato is both a citizen and the former Executive Director of APT, and his termination resulted directly from a violation of the Open Meetings Act. As such, he has every right to demand the civil fines specified in Ala.Code § 36-25A-9(g)[4] in addition to whatever other relief the Circuit Court deems appropriate.”
Pizzato and Howland’s brief, at 23.
In Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 186, 120 S.Ct. 693; 145 L.Ed.2d 610 (2000), the Supreme Court held that civil penalties can serve as redress for standing purposes “[t]o the extent that they encourage defendants to. discontinue current violations and deter them from committing future ones.” The Supreme Court distinguished Steel. Co. v. Citizens for a Better Environment, 523 U.S. 83, 106, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), stating:
“Steel Co. established that .citizen suitors lack standing to seek civil penalties for violations that have abated by the time of suit. We specifically noted in that case that there was no allegation in the complaint of any continuing or imminent violation, and that no basis for such an allegation appeared to exist.”
Friends of the Earth, 528 U.S. at 187 (citation omitted).
Here, the only specific relief Pizzato and Howland requested was the civil fines provided for in § 36-25A-9(g).[5] Like the injury in Steel Co., however, the alleged injury here was caused by an alleged onetime violation of the Open Meetings Act that was wholly past when Pizzato and Howland’s action was filed. Pizzato and Howland have not alleged any “continuing or imminent violation,” nor does any “basis for such an allegation appear to exist.” Friends of the Earth, 528 U.S. at 187. Thus, as in Steel Co., Pizzato and How-land’s request for civil fines “seeks not remediation of [their] injury ... but vindication of the rule of law.” Steel Co., 523 *289 U.S. at 106. In fact, Pizzato and Howland argue:
“To argue as [the Commission and the Commissioners] have argued that Pizza-to has suffered no redressable injury is to argue that there is no public policy interest or value to an injured party in seeing wrongdoers held accountable for failing to follow the law. Hearing such an argument advanced by [the Commission and the Commissioners] is offensive to those who believe their government can — and should — do better. This callous and nonchalant attitude towards a clear violation of the law is indicative of the very reason this action must be maintained. Even if such a judgment will not make Pizzato whole, the value of enforcing the law cannot be viewed through the narrow lens of costs and benefits to those wronged by the violation. The significance and value of requiring Commissioners to comply with the Open Meetings Act includes the significance and value to Pizzato, but encompasses the general public as well. The fact that such value evades easy quantification by [the Commission and the Commissioners] does not diminish its importance.”
Pizzato and Howland’s brief, at 23-24. Fines sought for such purposes do not satisfy the redressability prong of the Lujan test. See Steel Co., 523 U.S. at 107 (“Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement.”). Thus, Pizzato and Howland have failed to establish standing under the Lujan test for their claims against the Commission and the Commissioners.

Conclusion

Because Pizzato and Howland have not established standing to bring their action against the Commission and the Commissioners under the Open Meetings Act, the claims asserted in both the first amended and second amended complaints are due to be dismissed. Our decision in this regard pretermits consideration of the remaining arguments raised in the mandamus petition. Therefore, we grant the petition for mandamus relief and issue the writ, instructing the circuit court to dismiss Pizza-, to’s and Howland’s claims against the Commission and the Commissioners.
PETITION GRANTED; WRIT ISSUED.
STUART and WISE, JJ., concur.
MURDOCK, J., concurs specially.
BOLIN, J., concurs in the result.
PARKER, SHAW, and MAIN, JJ., dissent.
MOORE, C.J., recuses himself.

. Howland was added ás a plaintiff in the second amended complaint filed on August 10, 2012.

. “Executive session” is defined in the Open Meetings Act, § 36-25A-1 et seq., Ala.Code 1975, as "[t]hat portion of a meeting of a governmental body from which the public is excluded for one or more reasons prescribed in Section 36-25A-7(a)[, Ala.Code 1975].” § 36-25A-2(2), Ala.Code 1975.

. Pizzato and Howland acknowledge that, sometime after the complaint was filed, the Commission and the Commissioners produced certain documents that had been requested under the Open Records Act. They go on to argue, however, that they "questionf ] whether [the Commission and the Commissioners] have fully complied" with the Open Records Act. Pizzato and Howland’s brief, at 6. Pizzato and Howland do not identify any records that should have been produced but, instead, suggest that there may be some records missing and that "[g]iven [the Commission’s and Commissioners’] flagrant violation of their responsibilities under the Open Records Act, Pizzato [and Howland] believe[] that but for the lawsuit, [the Commission and the Commissioners] would never have complied with their legal obligations.” Pizzato and Howland's brief, at 6-7.

. Section 36-25A-9(g) provides, in pertinent part: "For each meeting proven to be held in violation of this chapter for one or more reasons, the court shall impose a civil penalty. The maximum penalty for each meeting shall not exceed one thousand dollars ($1,000) or one half of the defendant’s monthly salary for service on the governmental body, whichever is less.”

. As noted, Pizzato and Howland also request "whatever other relief the Circuit Court deems appropriate.” Pizzato and Howland’s brief, at 23. We need not speculate as to other forms of relief that may or may not be available to Pizzato and Howland. See Allsopp v. Bolding, 86 So.3d 952, 960 (Ala.2011) ("This Court will not ‘create legal arguments for a party based on undelineated general propositions unsupported by authority or argument.' ” (quoting Spradlin v. Spradlin, 601 So.2d 76, 79 (Ala.1992))).