MOORE, Judge.
Anthony Keith, Ronald C. Smith, Esther Calhoun, William T. Gipson, and Latonya J. Gipson ("the plaintiffs") appeal from a judgment of the Montgomery Circuit Court ("the trial court") dismissing their complaint against Lance R. LeFleur, in his official capacity as Director of the Alabama Department of Environmental Management ("the director"), and the Alabama Department of Environmental Management ("ADEM"). We affirm the judgment in part and reverse it in part.
Procedural History
On January 9, 2017, the plaintiffs filed a complaint in the trial court against the director and ADEM, seeking declaratory and injunctive relief. They asserted, among other things, that the operating conditions approved by ADEM for certain landfills and wastewater-treatment facilities in their respective areas generate offensive odors and disease vectors that invade the property or home of each of the plaintiffs and diminish their health, quality of life, enjoyment of their property, and property value. The plaintiffs asserted that, like a majority of those people living within a mile of the facilities at issue, they are "Black/African-American" and that they had been subjected to the asserted conditions and discrimination because of their race.
The plaintiffs asserted in their complaint that a federal regulation prohibits a recipient of financial assistance from the United States Environmental Protection Agency ("the EPA"), like ADEM, from using criteria or methods of administering its programs or activities that subject individuals to discrimination because of their race or color, among other things. See 42 U.S.C. § 2000; 40 C.F.R. § 7.35(b). They asserted that each recipient of the EPA's financial assistance is required to adopt grievance procedures to assure the prompt and fair resolution of complaints that allege a violation of that regulation. See 42 U.S.C. § 2000; 40 C.F.R. § 7.90(a). According to the complaint, to comply with the requirement that ADEM adopt grievance procedures, the director, or one of his predecessors, developed and adopted a document entitled "Memorandum 108: Procedure for Title VI or Environmental Justice Filing of Discrimination Complaints" on or about October 18, 2004, and another document entitled "ADEM Civil Rights and Environmental Justice Complaint Reporting and Investigating Process" on or about April 12, 2016 (hereinafter referred to collectively as "the documents").
In count I of the complaint, the plaintiffs asserted that the documents are "rules," as defined in Ala. Code 1975, § 41-22-3(9), and that they were adopted without substantial compliance with the notice and comment requirements of the Alabama Administrative Procedure Act ("the AAPA"), § 41-22-1 et seq., Ala. Code 1975, and the notice and hearing requirements of the Alabama Environmental Management Act ("the AEMA"), Ala. Code 1975, § 22-22A-1 et seq., and that, as a result, the documents are invalid. Specifically, the plaintiffs asserted that the documents were adopted by the director or one *1209 of his predecessors without substantial compliance with Ala. Code 1975, § 41-22-5, which requires publication of notice of proposed rules before adoption and requires that all interested persons be given the opportunity to submit data, views, or arguments thereon before adoption, and that § 41-22-5(d), Ala. Code 1975, indicates that any rules adopted after October 1, 1982, are invalid "unless adopted in substantial compliance with this section." The plaintiffs further asserted in their complaint that the documents cannot be invoked by ADEM until all notices required by § 41-22-5 have been given. See § 41-22-4(b), Ala. Code 1975. They asserted that the adoption of the documents without substantial compliance with § 41-22-5 interferes with or impairs their legal rights to submit data, views, or arguments thereon and that the invalidity of the documents "threatens to interfere with or impair [their] interest in filing administrative complaints of discrimination that are cognizable" by ADEM and in obtaining valid administrative resolutions of their complaints that certain actions by ADEM had resulted in discrimination. The plaintiffs asserted that, but for the invalidity of the documents, they would utilize applicable procedures and processes to seek administrative resolutions of their complaints that ADEM's actions have resulted in discrimination. Finally, they asserted that, if the trial court were to grant the relief sought, "it is likely that [ADEM] will undertake efforts to adopt valid rules prescribing procedures and processes to comply with" federal regulations and would allow the plaintiffs to seek and obtain valid administrative resolutions of their complaints to ADEM.
The plaintiffs applied much of that same reasoning to counts II through V. In count II, the plaintiffs asserted that the documents were adopted without substantial compliance with Ala. Code 1975, § 22-22A-8, which requires publication of notice on proposed rules, and that the documents are invalid as a result.
In count III, the plaintiffs asserted that the documents promulgate rules for ADEM, which are required by § 22-22A-8(a) to be adopted and promulgated by the Environmental Management Commission ("the EMC") of ADEM. Because the documents were adopted and promulgated by the director or one of his predecessors, rather than the EMC, the plaintiffs asserted that they are invalid.
In count IV, the plaintiffs asserted that the documents are "environmental policies" as that term is used in Ala. Code 1975, §§ 22-22A-5(3) and 22-22A-6(a)(3) ; that, according to § 22-22A-6(a)(3), it is the duty of the EMC to develop environmental policy for the state; and that, because the director or one of his predecessors, rather than the EMC, developed and adopted the documents, the documents are invalid.
In count V, the plaintiffs asserted that no statute authorized ADEM to adopt rules such as those adopted in the documents and, thus, the documents prescribe procedures and processes that are in excess of the statutory authority granted to ADEM and are invalid.
In count VI, the plaintiffs argued that ADEM is not authorized to grant variances, exceptions, or exemptions from the Solid Wastes and Recyclable Materials Management Act, Ala. Code 1975, § 22-27-1 et seq., or to approve the use of "alternative cover material" at landfills and, accordingly, they argued, Ala. Admin. Code (ADEM), Rules 335-13-4-.15(2), 335-13-4-.22(1)(a)1., and 335-13-4-.23(1)(a)1., are invalid. They argued that implementation of those allegedly invalid rules "threaten" to interfere with or impair their rights not to suffer offensive odors and disease vectors associated with the use of those materials.
*1210 On February 13, 2017, the director and ADEM filed a motion to dismiss, asserting, among other things, that the plaintiffs had first attempted to overturn certain guidance documents and to challenge regulations in the Montgomery Circuit Court in case no. CV-16-900939, and that that action had been dismissed based on the director and ADEM's assertions of nonjusticiability, the plaintiffs' lack of standing to challenge the guidance documents, the plaintiffs' challenge to the regulations being a disguised attempt to bypass the appeal process, and ADEM's being protected by sovereign immunity. The director and ADEM asserted that the present case should also be dismissed for those same reasons. The plaintiffs responded to the motion to dismiss on March 10, 2017. On March 17, 2017, the case was reassigned to a different judge. On April 12, 2017, the trial court entered an order indicating that, having considered the motion to dismiss and the arguments of the parties at a hearing dated April 10, 2017, that motion was due to be granted, and the matter was dismissed. The plaintiffs filed their notice of appeal to the Alabama Supreme Court on April 25, 2017, and that court transferred the appeal to this court after determining that the case was within this court's appellate jurisdiction. This court subsequently transferred the appeal back to the Alabama Supreme Court for lack of subject-matter jurisdiction; that court then transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
Standard of Review
In Pontius v. State Farm Mutual Automobile Insurance Company, 915 So.2d 557, 563 (Ala. 2005), our supreme court outlined the standard of review in cases in which a motion to dismiss alleges a lack of standing:
"In Newman v. Savas, 878 So.2d 1147 (Ala. 2003), this Court set out the standard of review of a ruling on a motion to dismiss for lack of subject-matter jurisdiction:
" 'A ruling on a motion to dismiss is reviewed without a presumption of correctness. Nance v. Matthews, 622 So.2d 297, 299 (Ala. 1993). This Court must accept the allegations of the complaint as true. Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala. 2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So.2d at 299.'
" 878 So.2d at 1148-49."
See also Ayers v. Clark, 106 So.3d 409, 410-11 (Ala. Civ. App. 2012).
Analysis
On appeal, the plaintiffs argue that the trial court did not lack subject-matter jurisdiction over their claims because, they say, they made a sufficient showing that they have standing to proceed with those claims.
"A party establishes standing to bring a ... challenge ... when it demonstrates the existence of (1) an actual, concrete and particularized 'injury in fact'-'an invasion of a legally protected interest'; (2) a 'causal connection between the injury and the conduct complained of'; and (3) a likelihood that the injury will be 'redressed by a favorable decision.' Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). A party must also demonstrate that 'he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.' Warth [v. Seldin ], 422 U.S. [490,] 518, 95 S.Ct. 2197, 45 L.Ed.2d 343 [ (1975) ]."
*1211 Alabama Alcoholic Beverage Control Bd. v. Henri-Duval Winery, L.L.C., 890 So.2d 70, 74 (Ala. 2003). See also Ex parte Alabama Educ. Television Comm'n, 151 So.3d 283, 287 (Ala. 2013).
ADEM and the director argue in their brief on appeal, as they did in their motion to dismiss before the trial court, that the plaintiffs' injuries are not fairly traceable to the documents. Specifically, they assert that the plaintiffs fail to allege a connection between their asserted exposure to offensive odors and disease vectors resulting from their race and the documents. The plaintiffs appear to define their injury, however, as an inability to file complaints and receive a valid resolution thereon because, they argue, the documents are invalid. In that regard, the invalid adoption of the documents is directly related to the plaintiffs' inability to file a valid complaint. ADEM and the director assert, however, that the plaintiffs fail to allege a connection between their alleged procedural injuries and a separate concrete interest.
In Summers v. Earth Island Institute, 555 U.S. 488, 490-91, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009), a group of organizations dedicated to protecting the environment filed a complaint challenging the failure of the United States Forest Service to apply its regulations that require prior notice, public comment, and an appeals process to certain projects, including, specifically, a salvage sale of timber damaged by fire known as the Burnt Ridge Project. A preliminary injunction was granted prohibiting the Burnt Ridge salvage-timber sale, and, shortly thereafter, the parties settled their dispute over the Burnt Ridge Project, which was then no longer at issue in the case. Id. at 491, 129 S.Ct. 1142. With that issue resolved, the government argued that the organizations lacked standing to challenge the regulations that purportedly did not afford the proper notice because there was no longer a concrete dispute over a particular project. Id. at 491-92, 129 S.Ct. 1142. The United States Supreme Court stated that "generalized harm to the forest or the environment will not alone support standing" and that it knew "of no precedent for the proposition that when a plaintiff has sued to challenge the lawfulness of certain action or threatened action but has settled that suit, he retains standing to challenge the basis for that action ..., apart from any concrete application that threatens imminent harm to his interests." Id. at 494, 129 S.Ct. 1142. To the extent that the organizations argued that they had suffered a procedural injury-i.e., had been denied the ability to file comments on certain Forest Service actions and would continue to be so denied-the United States Supreme Court observed that the "deprivation of a procedural right without some concrete interest that is affected by the deprivation ... is insufficient to create ... standing." Id. at 496, 129 S.Ct. 1142.
In Lujan v. Defenders of Wildlife, 504 U.S. 555, 558, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), the United States Supreme Court considered whether organizations dedicated to wildlife conservation and other environmental causes had standing to challenge the application of a federal regulation intended to protect species of animals. The United States Supreme Court indicated in Lujan that an "injury in fact" is "an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) 'actual or imminent, not "conjectural" or "hypothetical." ' " Id. at 560, 112 S.Ct. 2130.
In the present case, unlike in Summers, the deprivation of the plaintiffs' ability to file a valid complaint is related to their concrete interest in curbing their exposure to offensive odors and disease vectors as a result of their race and in receiving a valid resolution of their complaint. The threat is actual or imminent, as required by Lujan, *1212 because the plaintiffs' ultimate injury is current and ripe to be addressed. Thus, the plaintiffs have met their burden of showing a connection between their injury, i.e., their inability to file a valid complaint and to receive a valid resolution of the complaint, and the conduct complained of, i.e., the director and ADEM's alleged promulgation of rules that do not comply with statutory directives.
Although the director and ADEM did not directly address the redressability of the plaintiffs' claims, we do so out of an abundance of caution. The plaintiffs cite Massachusetts v. Environmental Protection Agency, 549 U.S. 497, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007), in support of their assertion that their injuries are likely to be addressed in the event of a favorable decision. In that case, the United States Supreme Court stated, in pertinent part:
"To ensure the proper adversarial presentation, Lujan [v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992),] holds that a litigant must demonstrate that it has suffered a concrete and particularized injury that is either actual or imminent, that the injury is fairly traceable to the defendant, and that it is likely that a favorable decision will redress that injury. See id., at 560-561, 112 S.Ct. 2130. However, a litigant to whom Congress has 'accorded a procedural right to protect his concrete interests,' id., at 572, n.7, 112 S.Ct. 2130 -here, the right to challenge agency action unlawfully withheld, [ 42 U.S.C.] § 7607(b)(1) -'can assert that right without meeting all the normal standards for redressability and immediacy,' ibid. When a litigant is vested with a procedural right, that litigant has standing if there is some possibility that the requested relief will prompt the injury-causing party to reconsider the decision that allegedly harmed the litigant. Ibid.; see also Sugar Cane Growers Cooperative of Fla. v. Veneman, 289 F.3d 89, 94-95 (C.A.D.C. 2002) ('A [litigant] who alleges a deprivation of a procedural protection to which he is entitled never has to prove that if he had received the procedure the substantive result would have been altered. All that is necessary is to show that the procedural step was connected to the substantive result')."
Id. at 517-18, 127 S.Ct. 1438.
In the present case, the plaintiffs assert that, if the trial court were to invalidate the documents promulgated by the director and ADEM, those parties would likely promulgate additional rules to comply with federal regulations that require the adoption of grievance procedures for agencies like ADEM that receive federal funding. We agree with the plaintiffs that, if the trial court were to invalidate the documents at issue in the present case, it is likely that the director and ADEM would issue rules in compliance with the requirements related to the agency's federal funding. Although there is no guarantee that the promulgation of rules adopting appropriate grievance procedures will be performed in compliance with all relevant statutes, we conclude, in light of Massachusetts v. Environmental Protection Agency, that "there is some possibility that the requested relief will prompt" the director and ADEM to reconsider the manner in which such rules are enacted. Id. at 518, 127 S.Ct. 1438. Accordingly, we conclude that the plaintiffs have met the standing requirements necessary to proceed with their complaint.
The director and ADEM also asserted in their motion to dismiss, and they assert again on appeal, that the plaintiffs have no legally protected interest in applying 40 C.F.R. § 7.35(b) and § 7.90(a). The director and ADEM cite *1213 Alexander v. Sandoval, 532 U.S. 275, 293, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001), in which the Supreme Court of the United States concluded that there is no private right of action to enforce federal regulations promulgated under § 602 of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. The plaintiffs addressed 40 C.F.R. § 7.35(b) and § 7.90(a) in the factual-background section of their complaint, indicating that those regulations prohibit a recipient of financial assistance from the EPA, like ADEM, from using criteria or methods of administering its programs or activities that subject individuals to discrimination because of their race or color, among other things, and require agencies like ADEM to adopt grievance procedures to assure the prompt and fair resolution of complaints that allege a violation of those regulations. See 42 U.S.C. § 2000; 40 C.F.R. § 7.90(a). In Alexander, a class of Alabama citizens sought to enjoin a policy of the Alabama Department of Public Safety that, the class argued, violated § 601 and § 602 of Title VI of the Civil Rights Act of 1964, to which the Department of Public Safety was subjected by virtue of grants of financial assistance it had accepted from the federal government. 532 U.S. at 278, 121 S.Ct. 1511. The United States Supreme Court concluded that Title VI did not provide the class with a private cause of action to enforce those statutes. Id. at 293, 121 S.Ct. 1511.
In the present case, the plaintiffs do not seek to directly enforce 40 C.F.R. § 7.35(b) and § 7.90(a). Rather, the plaintiffs seek to enforce state statutes; they asserted in their complaint that the director and ADEM's promulgation of the documents violated the AAPA and the AEMA, rather than the federal regulations. In Ex parte Legal Environmental Assistance Foundation, Inc., 832 So.2d 61 (Ala. 2002), the Alabama Supreme Court reversed a summary judgment, which had been entered in favor of ADEM following the filing of a complaint by an organization that had challenged the promulgation of certain rules, based on ADEM's purported failure to fulfill certain requirements of the AAPA and the AEMA. Thus, our supreme court clarified that the organization in Ex parte Legal Environment Assistance Foundation had a private right of action to enforce public-notice requirements in the AAPA and the AEMA. Accordingly, we conclude that the plaintiffs in the present case also have standing to enforce those requirements.
The director and ADEM argued in their motion to dismiss in the trial court, as they do on appeal, that the plaintiffs' challenge to the solid-waste regulations in count VI of their complaint is improper because, they say, the plaintiffs are attempting to challenge certain landfill permits and, in doing so, have bypassed the statutory administrative-appeal process. In count VI, as stated above, the plaintiffs argued that ADEM is not authorized to grant variances, exceptions, or exemptions from the Solid Wastes and Recyclable Materials Management Act or to approve the use of "alternative cover material" at landfills; that, accordingly, Ala. Admin. Code (ADEM), Rules 335-13-4-.15(2), 335-13-4-.22(1)(a)1., and 335-13-4-.23(1)(a)1., are invalid; and that implementation of those allegedly invalid rules "threaten" to interfere with or impair the plaintiffs' rights not to suffer offensive odors and disease vectors associated with the use of those materials. The director and ADEM argue that the plaintiffs cannot challenge the relevant landfill permits for the first time in circuit court and that they must first present their arguments to the EMC. They cite Ala. Code 1975, § 22-22A-7, which provides a procedure for those aggrieved by an administrative action of ADEM to seek a hearing before the EMC.
In City of Graysville v. Glenn, 46 So.3d 925, 929 (Ala. 2010), the Alabama Supreme Court observed, in pertinent part:
*1214 " 'To be sure, Alabama recognizes the doctrine of exhaustion of administrative remedies. City of Huntsville v. Smartt, 409 So.2d 1353, 1357 (Ala. 1982). "This doctrine 'requires that where a controversy is to be initially determined by an administrative body, the courts will decline relief until those remedies have been explored and, in most instances, exhausted.' " Id. (quoting Fraternal Order of Police, Strawberry Lodge No. 40 v. Entrekin, 294 Ala. 201, 209, 314 So.2d 663, 670 (1975) ).'
" Patterson v. Gladwin Corp., 835 So.2d 137, 141-42 (Ala. 2002). There are recognized exceptions to that doctrine, including
" 'when (1) the question raised is one of interpretation of a statute, (2) the action raises only questions of law and not matters requiring administrative discretion or an administrative finding of fact, (3) the exhaustion of administrative remedies would be futile and/or the available remedy is inadequate, or (4) where there is the threat of irreparable injury.'
" Ex parte Lake Forest Prop. Owners' Ass'n, 603 So.2d 1045, 1046-47 (Ala. 1992). This Court has also recognized an exception to the rule 'where there is a defect in the power of the agency to act in any respect.' Jefferson County v. Johnson, 333 So.2d 143, 149 (Ala. 1976)."
Section 41-22-10, Ala. Code 1975, provides:
"The validity or applicability of a rule may be determined in an action for a declaratory judgment or its enforcement stayed by injunctive relief in the circuit court of Montgomery County, unless otherwise specifically provided by statute, if the court finds that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action. In passing on such rules the court shall declare the rule invalid only if it finds that it violates constitutional provisions or exceeds the statutory authority of the agency or was adopted without substantial compliance with rule-making procedures provided for in this chapter."
In Alabama Cellular Service, Inc. v. Sizemore, 565 So.2d 199, 205 (Ala. 1990), our supreme court concluded that § 41-22-10 does "not preclude a circuit court from entertaining a declaratory judgment action and do[es] not require that a petition be filed with a state agency under [ § 41-22-11, Ala. Code 1975,] as a precondition for seeking a declaratory judgment." In City of Graysville, supra, our supreme court distinguished cases in which plaintiffs were asking the court to interpret a statute and those in which plaintiffs had challenged an agency's action on the basis of there being insufficient evidence to support that action. 46 So.3d at 932. In the present case, the plaintiffs are challenging the validity of certain administrative rules in count VI; they did not couch their challenge in terms of insufficient evidence to support a landfill permit. Thus, the plaintiffs are seeking the interpretation of administrative rules, which is a question of law, and the determination of that question does not require administrative findings of fact or the exercise of administrative discretion. See City of Graysville, 46 So.3d at 931. Moreover, § 41-22-10 and Sizemore indicate that the plaintiffs could directly challenge the applicable rules in the trial court. Accordingly, the plaintiffs were not required to exhaust administrative remedies before filing count VI of their complaint in the trial court.
The director and ADEM last argued in their motion to dismiss, and argue again on appeal, that ADEM was due to be dismissed as a defendant. The plaintiffs *1215 assert that they were complying with § 41-22-10 by naming ADEM as a party, despite having made no claims against ADEM in their complaint. Section 41-22-10 provides, in pertinent part, that the "agency shall be made a party to the action." (Emphasis added.) The plaintiffs concede the existence of authorities indicating that ADEM, a state agency, may not be made a defendant pursuant to Article 1, § 14, of the Alabama Constitution of 1901. See, e.g., Russo v. Alabama Dep't of Corr., 149 So.3d 1079, 1080-81 (Ala. 2014). They also cite Ex parte Alabama State Board of Chiropractic Examiners, 11 So.3d 221, 226 (Ala. Civ. App. 2007), in which this court determined that, based on § 41-22-10, the claims against the Alabama State Board of Chiropractic Examiners, which is a state agency, were not barred by Art. 1, § 14. The heading of the plaintiffs' argument on this issue, however, avers that "[t]he trial court "may not have subject matter jurisdiction over [ADEM]...." (Emphasis added.) After citing relevant authorities on both sides of the issue, the plaintiffs do not ask this court to reverse the trial court's judgment insofar as it dismissed their claims against ADEM. They do not ask this court to overrule Ex parte Alabama State Board of Chiropractic Examiners or to invalidate § 41-22-10. Rather, having presented arguments on both sides, the plaintiffs have "submit[ted] the issue to [this court] for decision." Because the plaintiffs fail to indicate that the trial court erred in dismissing ADEM as a defendant, implying instead that the trial court may have been correct in doing so, we conclude that the plaintiffs failed to properly argue the issue, as required by Rule 28, Ala. R. App. P., and, thus, the issue is therefore waived. See Sullivan v. Alfa Mut. Ins. Co., 656 So.2d 1233, 1233 (Ala. Civ. App. 1995). Accordingly, we decline to consider the issue on appeal, and the trial court's dismissal of ADEM as a defendant is affirmed. Id. at 1233-34.
Conclusion
Insofar as the trial court dismissed ADEM as a defendant, we affirm the trial court's judgment. We reverse the trial court's judgment with regard to the plaintiffs' remaining claims against the director, and we remand the case to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Thompson, P.J., and Pittman, Thomas, and Donaldson,[1] JJ., concur.

Although Judge Donaldson was not present at oral argument in this case, he has listened to the audiotape of the oral argument.